**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY**

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW

1200 SMITH STREET, SUITE 1400

HOUSTON, TEXAS 77002-4496

(713) 658-1818     (800) 342-5829

(713) 658-2553 (FAX)

chwwm@chamberlainlaw.com

STEVEN J. KNIGHT
SHAREHOLDER
DIRECT DIAL NO.(713) 654-9603
E-MAIL: steven.knight@chamberlainlaw.com

HOUSTON
ATLANTA
PHILADELPHIA
SAN ANTONIO

October 16, 2014

Justice Catharina Haynes                                    Via Federal Express
Justice Jerry E. Smith
Justice Rhesa Barksdale
United States Fifth Circuit Court of Appeals
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:  *First Community Bancshares, Plaintiff-Appellee Cross-Appellant, v. St. Paul Mercury Insurance Company, Defendant-Appellant Cross-Appellee*; Cause No. 13-50657; United States Fifth Circuit Court of Appeals

To the Honorable Panel:

St. Paul has the burden to establish not only that all of the underlying claims arise from a dispute that involves fees but also that the fees that are the subject of the dispute were, in every instance, alleged to have been "*for* [*the Bank's*] *services*." Rigsby and Durham allege in part, however, that the Bank assessed overdraft fees without covering the overdrawn accounts. *See* R1090 and 1121. During argument, St. Paul's counsel attempted to account for this dilemma:

> My colleague's argument about fees for nonexistent services walks himself right out of the Professional Service coverage… If you look at the [grant of coverage], you will find that *it is the rendition of a service* pursuant to a contract between an insured and a customer such as the honoring of overdraft fees.

Fifth Circuit Court of Appeals
October 16, 2014
Page 2 of 2

There are at least two problems with St. Paul's new position that the Court should consider under Rule 28.4.

First, procedurally, St. Paul never before contested the grant of coverage. Second, substantively, St. Paul is wrong. The grant of coverage is also triggered by allegations that involve the "failure to render" services. St. Paul agreed to

> …pay…Loss…on account of any Claim…for "…breach of duty…by [the Bank] in the rendering *or failure to render*" "those services…the [Bank] performs or is required to perform for a customer of the [Bank]…pursuant to an agreement between such customer and the [Bank] for a fee…"

Rigsby and Durham allege the Bank had a duty to safeguard their money as part of the overall banking relationship. Yet, accounting to Rigsby and Durham, the Bank breached that duty when it debited their accounts without performing any overdraft service. The Bank's alleged failure to safeguard their money is a "failure to render" banking services, triggering the grant of coverage. For purposes of the fee dispute exclusion, however, the Bank's alleged imposition of overdraft fees without performing overdraft services is not a dispute involving fees "*for* [*the Bank's*] *services*." Therefore, this additional basis for concluding the fee dispute exclusion does not apply does not walk the Bank out of coverage as St. Paul erroneously argued.

                                      Sincerely,

                                      /s/ Steven J. Knight

                                      Steven J. Knight

cc:    P. Michael Jung
        Strasburger & Price, LLP
        4400 Bank of America Plaza
        901 Main Street
        Dallas, Texas 75202