

P. MICHAEL JUNG
(214) 651-4724
Direct Fax (214) 659-4022
Michael.Jung@strasburger.com

Board Certified Civil Appellate Law
Texas Board of Legal Specialization

October 22, 2014

Hon. Lyle W. Cayce                                         **<u>VIA ECF</u>**
Clerk, U.S. Court of Appeals for the Fifth Circuit
600 Maestri Place
New Orleans, Louisiana 70130-3408

    Re:   *First Community Bancshares v. St. Paul Mercury Insurance Co.*
           No. 13-50657

Dear Mr. Cayce:

    This letter responds to Mr. Knight's letter of October 16, 2014.

    Mr. Knight's letter is not a proper submission under Fed. R. App. P. 28(j), inasmuch as it presents surrebuttal argument instead of calling the Court's attention to supplemental authorities. It should therefore be disregarded. In the alternative, we ask the Court to consider the following.

    At oral argument, the Bank contended – for the first time in this litigation – that the Fee Dispute Exclusion did not apply because it is limited to claims arising out of a dispute involving fees "for an Insured's services," and the underlying plaintiffs contended that the Bank had charged fees in instances where there were no overdrafts and hence no services. Having injected this new issue into the case at the eleventh hour, it ill behooves the Bank to complain that St. Paul responded to the Bank's new argument without the benefit of trial court predicate.

    The Bank's new position is that debiting a customer's account with a fee for a service not actually rendered is an insured Professional Services Act not encompassed by the Fee Dispute Exclusion. Had the Bank timely raised this issue in the trial court, St. Paul would have invoked Exclusion 2 (claims arising out of an Insured's gaining a profit, remuneration, or financial advantage to which it was not entitled), as well as exception (f) to the definition of Loss (matters legally uninsur-

Strasburger & Price, LLP

901 Main Street, Suite 4400 • Dallas, Texas 75202.3794 • 214.651.4300 tel • 214.651.4330 fax • www.strasburger.com

Austin • Collin County • Dallas • Houston • San Antonio • New York, N.Y. • Washington, D.C. • Strasburger & Price, SC - Mexico City



Hon. Lyle W. Cayce
October 22, 2014
Page 2

able) and the Texas public policy prohibiting insurance against an insured's own wrongdoing, *see*, *e.g.*, *Decorative Center v. Employers Casualty Co.*, 833 S.W.2d 257, 260 (Tex. App. – Corpus Christi 1992, writ denied).

The Bank's "fees for non-services" argument, having been first raised at oral argument, is not legitimately before this Court. *E.g.*, *Comsat Corp. v. FCC*, 250 S.W.3d 931, 936 n.5 (5th Cir. 2001). And in any event, it is without merit under the terms of the policy.

Respectfully submitted,

*/s/ P. Michael Jung*

P. Michael Jung

cc:  William S. Helfand, Esq.
      Steven J. Knight, Esq.
      J. Price Collins, Esq.
      Ashley Gilmore, Esq.
      Other counsel of record registered for ECF service